WO                                                                                                KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Johnson,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Sergeant Philling, et al.,<br><br>　　　　　　Defendants. | No.   CV 12-2523-PHX-RCB (SPL)<br><br><br>**O R D E R** |

Plaintiff Mark Anthony Johnson, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint[1] pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. In a January 28, 2013 Order, the Court denied the Application to Proceed with leave to re-file. On February 7, 2013, Plaintiff filed a new Application to Proceed (Doc. 7). The Court will order Defendant Townsen to answer Count One of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's

---

[1] Plaintiff has failed to allege a jurisdictional basis, however the Court will construe his claims as filed pursuant to 42 U.S.C. § 1983.

income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

1  342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
2  stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
3  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

4  **III.   Complaint**

5  Plaintiff names the following Defendants in the Complaint: Sergeants Philling and
6  Cost, and Detention Officer Townsen.

7  Plaintiff raises three claims for relief. In Count One Plaintiff claims his safety was
8  threatened when he asked to be placed in closed custody, but was denied. At the end of
9  this claim, Plaintiff writes "Sgt. Philling," but does not describe any actions by Defendant
10 Philling.

11 In Count Two, Plaintiff alleges his safety was threatened when Defendant Cost
12 printed something from a computer "to get [Plaintiff] killed or hurt badly and
13 instruct[t]ed the staff to do the same."

14 In Count Three, Plaintiff claims this safety is threatened because Defendant
15 Townsen told other inmates that Plaintiff is a child molester and that this information will
16 result in Plaintiff being killed.

17 Plaintiff seeks money damages and injunctive relief.

18 **IV.   Failure to State a Claim**

19 **A.   Count One**

20 To state a valid claim under § 1983, plaintiffs must allege that they suffered a
21 specific injury as a result of specific conduct of a defendant and show an affirmative link
22 between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362,
23 371-72, 377 (1976). Plaintiff fails to describe what Defendant Philling did or failed to do
24 that resulted in a threat to his safety.

25 Even if Plaintiff had linked Defendant Philling with the denial of his request to be
26 placed in closed custody, his allegations fail to state a claim. The Supreme Court has
27 held that mere negligent failure to protect an inmate from another inmate is not actionable
28 under § 1983. *Davidson v. Cannon*, 474 U.S. 344, (1986). A prison official violates the

TERMPSREF

Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must *both* be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference.

*Id.* at 839 (emphasis supplied).

Plaintiff has not described the threat that prompted him to request closed custody nor has he alleged facts demonstrating that Defendants were deliberately indifferent in denying his request. Count One will be dismissed for failure to state a claim.

### B.   Count Two

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*. Count Two, Plaintiff has failed to allege facts showing that Defendant Cost was deliberately indifferent to a threat to his safety. Plaintiff does not describe what Defendant Cost printed or how that information threatened Plaintiff's safety. The Court will therefore dismiss Count Two for failure to state a claim.

### V.   Claims for Which an Answer Will be Required

A pretrial detainee's claim for unconstitutional conditions of confinement arises

from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

A supported allegation that a correctional official made statements intending to incite inmates to attack another inmate may state a claim under the Eighth or Fourteenth Amendment. *See, e.g., Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (allegation that officer intended to harm inmate by inciting inmates to beat him may constitute an excessive force claim; if inmate is able to prove such intent, "it is as if the guard himself inflicted the beating as punishment"); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (defendant officers calling plaintiff a "snitch" in presence of other inmates is material to § 1983 claim for denial of right not to be subjected to physical harm).

Liberally construed, Plaintiff has stated a Fourteenth Amendment excessive force claim against Defendant Townsen in Count Three. The Court will require Defendant Townsen to answer Count Three.

**VI.   Supplement to Complaint**

On December 17, 2012, Plaintiff filed a "Supplement" which appears to raise additional claims. The Court will not consider claims filed outside of the Complaint. If Plaintiff wishes to file new claims he must file an amended complaint. *See* Fed. R. Civ. P. 15(a) (a party may amend a pleading once as a matter of course at any time before a responsive pleading is served).

**VII.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he

1  intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to
2  comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Counts One and Two are **dismissed** without prejudice.

(4) Defendants Philling and Cost are **dismissed** without prejudice.

(5) Defendant Townsen must answer Count Three.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Townsen.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for

preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) This matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 20th day of May, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF