WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Johnson,<br><br>　　　　Plaintiff,<br>　vs.<br><br>Sergeant Philling, et al.,<br><br>　　　　Defendants. | No.  CV-12-02523-PHX-RCB (SPL)<br><br>**O R D E R** |

　　　　On May 30, 2013 and on June 7, 2013, Plaintiff's mail was returned to the Clerk of Court as undeliverable. (Doc. 11, 12.)  The mail return dated June 7, 2013, remarks that Plaintiff is "no longer in custody." (Doc. 12 at 2.)

　　　　Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court). Further, a district court may dismiss an action for failure to comply with a local rule. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Rule 83.3(d) of the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the District of Arizona, requires that an "unrepresented party must file a notice of a name or address change… no later than fourteen (14) days before the

effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within seven (7) days after the effective date of the change."

Here, Plaintiff has been specifically warned that failure to comply with LRCiv 83.3 may result in dismissal of his action. (Doc. 6 at 2; Doc. 9 at 6.) "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). If the Court were to order Plaintiff to show cause why dismissal is not warranted, the Order "would only find itself taking a round trip tour through the United States mail." Id. The Court is also not required to hold the matter in abeyance. "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id.

Before dismissal for failure to prosecute or to comply with a local rule, however, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Under the instant circumstances, the first factor "always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal. See Ferdik v. Bonzelet, 963 F.2d at 1261. Plaintiff has not provided the Court with his present address, and the Court continues to receive returned mail. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (noting that "resources continue to be consumed by a case sitting idly on the court's docket"). "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994) (internal quotation omitted). However, because public policy favors

disposition of cases on their merits, the fourth factor weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). In considering the final factor, the Court finds that dismissal without prejudice is an available and less drastic sanction in this case. Although dismissal itself is a drastic sanction, see Ferdik, 963 F.2d at 1260, absent Plaintiff's current address, the alternatives are bound to be futile.

In sum, the five-factor analysis favors dismissal. Therefore, in light of Plaintiff's failure to prosecute this action and comply with LRCiv 83.3, requiring him to notify the Court of address changes, dismissal of this action is warranted. Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is dismissed without prejudice, and the Clerk of Court must terminate the action.

DATED this 14th day of June, 2013.

_____
Robert C. Broomfield
Senior United States District Judge